471 A.2d 104

**COMMONWEALTH of Pennsylvania**

**v.**

**Leo A. BARONNER, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 30, 1983.

Filed Jan. 27, 1984.

Peter Henry Shaffer, Butler, for appellant.

Robert F. Hawk, Assistant District Attorney, Butler, for Commonwealth, appellee.

Before ROWLEY, WIEAND and HESTER, JJ.

WIEAND, Judge:

In a jury trial where the charges were rape, involuntary deviate sexual intercourse and simple assault, the trial court disallowed the defendant's testimony regarding his prior sexual contacts with the alleged victim for the sole reason that the trial judge did not believe such testimony. The defendant was found guilty, post verdict motions were denied, and defendant was sentenced to a lengthy term of imprisonment. This appeal followed. We reverse and remand for a new trial.

On the morning of March 17, 1982, Sharon Kerlin, the alleged victim, and Leo A. Baronner, the appellant, engaged

in sexual activity in an apartment which they shared with other persons. Sharon Kerlin testified that she had been forcibly compelled to engage in natural and deviate sexual intercourse. Appellant contended, however, that Sharon's participation in the sexual encounter had been consensual. He offered to prove in support of his contention that he and Sharon had been sexually intimate on several prior occasions. Pursuant to the Rape Shield Law of May 18, 1976, P.L. 120, No. 53, 18 Pa.C.S. § 3104, he filed a written motion and offer of proof regarding such prior sexual conduct.[1] The trial court held an in camera hearing at which appellant's testimony was countered by testimony from the alleged victim that although she and appellant had dated on prior occasions, they had not previously engaged in sexual intercourse. Based on this testimony, appellant's offer of proof was rejected, and he was not permitted to give trial testimony of Sharon Kerlin's prior sexual conduct with appellant. The reason given by the trial court for the evidentiary ruling was: "The matter reduces itself to a matter of credibility and this Court elects to believe Sharon Kerlin."

The credibility of appellant's consent defense, however, was for the jury. It was not for the trial judge to reject relevant trial testimony and keep it from the jury merely because he did not believe it. The purpose of the in camera hearing required by the Rape Shield Law is to enable a trial court to determine whether tendered defense evidence of the victim's prior sexual activity is relevant and admissible. This procedure is intended to provide the trial court with the means to eliminate "confusion of issues at

1. The procedure to be followed where it is proposed to show prior sexual conduct in support of a consent defense is set forth at 18 Pa.C.S. § 3104(b) as follows:

A defendant who proposes to offer evidence of the alleged victim's past sexual conduct pursuant to subsection (a) shall file a written motion and offer of proof at the time of trial. If, at the time of trial, the court determines that the motion and offer of proof are sufficient on their faces, the court shall order an in camera hearing and shall make findings on the record as to the relevance and admissibility of the proposed evidence pursuant to the standards set forth in subsection (a).

trial and needless embarrassment of the prosecutrix by excluding irrelevant ... evidence concerning the prosecutrix's prior sexual behavior." *Commonwealth v. Strube,* 274 Pa.Super. 199, 218, 418 A.2d 365, 375 (1979) (Concurring Opinion by Spaeth, J.). The hearing is not intended to afford the trial judge an opportunity to determine the credibility of a tendered defense. If the evidence offered by the defense is relevant and admissible under applicable rules of evidence, the trial court is required to receive such evidence and permit the jury to assess its credibility.

In *Reichman v. Wallach,* 306 Pa.Super. 177, 452 A.2d 501 (1982), this Court reviewed pertinent authority pertaining to relevancy of evidence and concluded in general that

" 'any legally competent evidence which, when taken alone or in connection with other evidence, tends to prove or disprove a material or controlling issue or to defeat the rights asserted by one or the other parties, and sheds any light upon or touches the issues in such a way as to enable the jury to draw a logical and reasonable inference with respect to the matter or principal fact in issue, is relevant. As thus defined, relevancy means the logical relation between the proposed evidence and a fact to be established.' *Commonwealth v. Vukovich,* 301 Pa.Super. 111, [118], 447 A.2d 267, 270 (1982), quoting 29 Am.Jur.2d 302, 303, Evidence § 252. 'The law furnishes no test of relevancy, but tacitly refers it to logic and general experience. Evidence is admissible which tends to make the fact at issue more or less probable or intelligible or to show the origin and history of the transaction between the parties and explain its character.' *Gregg v. Fisher,* 377 Pa. 445, 454, 105 A.2d 105, 110 (1954)."

*Id.* 306 Pa.Super. at 190, 452 A.2d at 508. When this test is applied to the testimony which appellant offered in the instant case, the relevancy of the evidence is clear. If appellant and Sharon Kerlin were sexually intimate on prior occasions, evidence thereof would tend to make consent to sexual contact more probable on the occasion being examined by the jury and would, in any event, illustrate the

nature and history of the relationship between appellant and his accuser. Our conclusion need not rest alone on general principles of relevancy, however, for the Rape Shield Law has expressly recognized the relevance of the "alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue." See: 18 Pa.C.S. § 3104(a).

■ Before it can be received, the testimony of prior sexual conduct must also be admissible according to applicable rules of evidence. In the instant case, the offer consisted of testimony from the appellant himself and included matters allegedly within his personal knowledge. This testimony was not barred by any exclusionary rule.

■ Because appellant's testimony that he and the alleged victim had been sexually intimate on prior occasions was relevant and admissible upon the issue of the alleged victim's consent on the occasion in question, the testimony should have been received. Its credibility was for the jury. By preventing the jury from hearing defendant's testimony merely because he did not believe it, the trial judge fell into error.

Reversed and remanded for a new trial. Jurisdiction is not retained.